IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

GORKHA BAHADUR DAHAL,                §
                                     §
                                     §
                                     §
           *Petitioner*,             §
                                     §
v.                                   §
                                     §
PAM   BONDI,   US   Attorney  General; §        CIVIL ACTION NO. 9:26-CV-00354
MARKWAYNE    MULLIN,   Secretary   of §         JUDGE MICHAEL J. TRUNCALE
Department  of  Homeland  Security;  BRET §
BRADFORD,   Field  Office  Director  for  the §
Texas  Field  Office;  WARDEN,   IAH  Secure §
Adult Detention Facility,            §
                                     §
                                     §
           *Respondents*.            §

## ORDER DENYING PETITION FOR HABEAS CORPUS

Before the Court is Petitioner Gorkha Bahadur Dahal (Dahal)'s Petition for Writ of Habeas

Corpus. [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Dahal is a Nepalese national who entered the United States illegally in December 2024. [Dkt.

1]. Dahal was detained by immigration authorities upon entering the country and was ordered removed

to Nepal in September 2025. *See id.* Dahal appealed her removal order, and her appeal remains pending

before the Board of Immigration Appeals. *Id.* On May 26, 2026, Dahal brought a habeas corpus

petition, claiming that his detention violates federal law. *Id.*

### II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal

basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241

entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the

Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding,

1

the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A. Immigration and Naturalization Act

Dahal first claims to be unlawfully detained under 8 U.S.C. § 1225(b)(2)(A), which provides for the mandatory detention of "applicants for admission" who are not deemed "clearly and beyond a doubt entitled to be admitted." *See* 8 U.S.C. § 1225(b)(2)(A). Section 1225 plainly applies to Dahal, who was detained and placed in removal proceedings upon entering the country. *See* [Dkt. 1]. Thus, section 1225 dictates that Dahal "shall be detained" during her removal proceedings. *Id.* § 1225(b)(2)(A).

### B. Due Process

Dahal also argues that her detention without a bond hearing violates due process. The Fifth Circuit, in a split decision, recently held that the Due Process Clause requires the Government to provide a bond hearing to aliens held under Section 1225(b)(2)(A) within ninety days. *Rodriguez v. Ortega*, No. 26-50183, 2026 WL 1906557, at *16 (5th Cir. July 2, 2026), *reh'g en banc granted, opinion vacated*, No. 26-50183, 2026 WL 2014647 (5th Cir. July 10, 2026). This decision was vacated, and rehearing en banc granted, on July 10, 2026. *Rodriguez v. Ortega*, No. 26-50183, 2026 WL 2014647, at *1 (5th Cir. July 10, 2026).

While the now-vacated *Rodriguez* opinion recognized a due-process right to bond hearings after ninety days of detention, it did not hold that habeas corpus was the proper way to assert that right.[1] *See* 2026 WL 1906557 at *16. Under longstanding Fifth Circuit precedent, habeas proceedings are appropriate only to challenge "the cause of detention," not mere procedural deprivations during

---

[1] The issue was not before the Court in *Rodriguez*.

detention. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Here, Dahal's due-process argument is not based on the illegality of her confinement itself, but on the illegality of the Government's failure to offer her a bond hearing. *See* [Dkt. 1]. Dahal's unlawful entry and continued unlawful presence in the United States are undisputedly valid reasons for confining her during removal proceedings. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be raised in a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if properly performed. *See id.* Here, a properly conducted bond hearing would not invariably result in Dahal's being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not guarantee Dahal's release from custody, a habeas proceeding is not the proper arena for Dahal to contest her lack of a bond hearing. *See Carson*, 112 F.3d at 820–21.

### IV. CONCLUSION

It is therefore **ORDERED** that Dahal's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 11th day of August, 2026.**

Michael J. Truncale
United States District Judge

3